Order, Supreme Court, Bronx County (Larry S. Schachner, T.), entered on or about March 12, 2012, which granted defendants’ motion for summary judgment dismissing the complaint, affirmed, without costs.
Defendants’ motion for summary judgment dismissing the complaint was properly granted. In the absence of any evidence that defendants assumed an affirmative duty to protect plaintiff from attacks by her husband, defendants do not owe a duty of care to plaintiff (see Valdez v City of New York, 18 NY3d 69 [2011]). The statements allegedly made by police officers and other employees of defendants—that plaintiffs husband would spend time in jail, and that the police would provide “protec *475 tion” of an unspecified nature—were too vague to constitute promises giving rise to a duty of care (see Dinardo v City of New York, 13 NY3d 872, 874 [2009]). The lack of any such duty also warranted the dismissal of the infant plaintiff’s claim for negligent infliction of emotional distress (see Sheila C. v Povich, 11 AD3d 120, 130 [1st Dept 2004]).
Given the absence of a duty owed to plaintiff, we need not consider whether defendants established their entitlement to the governmental function immunity defense (see Valdez, 18 NY3d at 80). Concur—Mazzarelli, J.E, DeGrasse and Feinman, JJ.